IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **Joseph Fredrick Thompson** ) | Case No. 09-16659-NLJ |
| **Sylvia Jean Pratt** ) | Chapter 13 |
| ) | |
| Debtors. ) | |

### CHAPTER 13 TRUSTEE'S MOTION TO DISMISS
### BASED UPON IMPROPER VENUE
### COMBINED WITH BRIEF IN SUPPORT

COMES NOW the Chapter 13 Trustee, John Hardeman, and requests that this Court dismiss the above-styled Chapter 13 case pursuant to provisions of 11 U.S.C. §1307(c). In support of this Motion, the Chapter 13 Trustee would show the Court the following:

1. On November 24, 2009, the debtors filed their petition for Chapter 13 relief in this Court. Pursuant to the petition filed by the debtors, the debtors reside in Okmulgee County. Okmulgee County is situated within judicial district for the Eastern District of Oklahoma. The Statement of Financial Affairs lists no prior addresses for the debtors during the three year period preceding the bankruptcy petition. The Schedules filed by the debtors contain no information indicating the principal assets of the debtors are located outside the Eastern District of Oklahoma.

2. Pursuant to 28 U.S.C. §1408, an individual bankruptcy case may be commenced in the district in which the domicile, residence or principal assets have been located for the greatest portion of the 180 day period preceding the filing of the petition. Rule 1014(a) of the Federal Rules of Bankruptcy Procedure provides if a bankruptcy petition is filed in an improper district, upon motion, the court may dismiss the case or

may transfer it to any other district if the transfer is in the interest of justice or for the convenience of the parties.

3. Pursuant to the provisions of 11 U.S.C. §1307(c), upon request of a party in interest, the Court may dismiss a case for cause. Cause is not a term defined under the Bankruptcy Code, and therefore, courts have broad discretion in determining whether cause exists. Cause certainly exists when venue is not proper given the specific language authorizing dismissal contained within Bankruptcy Rule 1014. Additionally, the Bankruptcy Appellate Panel of the Tenth Circuit has examined the issue of improper venue and ruled bankruptcy courts have no discretion to retain a case in which venue is improper, and instead must either dismiss or transfer the case. *In re Sorrells*, 218 B.R. 580 (10th Cir. BAP 1998).

4. Venue in the instant case is not proper in the Western District of Oklahoma. The Western District is not the district in which the domicile, residence or principal assets of the debtors have been located for the greatest portion of the 180 day period preceding their bankruptcy filing. As a result, the case must be dismissed or transferred to the Eastern District of Oklahoma. To date no party in interest has requested that the case be transferred. Absent a motion by the debtors or another party in interest to transfer the case, the Trustee requests the case be dismissed.

WHEREFORE, the Chapter 13 Trustee requests that the Court dismiss this Chapter 13 case pursuant to the provisions of 11 U.S.C. §1307(c).

Respectfully submitted,

/s/ Linda Ruschenberg
Linda Ruschenberg OBA #12842
Attorney for Chapter 13 Trustee
P.O. Box 1948
Oklahoma City, OK 73101
(405) 236-4843
(405) 236-1004 (fax)

**TIME FOR RESPONSE:** Any response to the foregoing Motion must be filed and served within 15 days, plus 3 days for mailing, after service of the Motion. If no response is filed within the applicable period, the instant Motion will be deemed confessed, and the requested relief may be granted by the Court without a hearing being held on the matter.

## CERTIFICATE OF MAILING

This is to certify that on the 25th day of November, 2009, a true and correct copy of the above and foregoing document was mailed, postage prepaid, to all parties and attorneys whose names and addresses are listed on the attached list.

/s/ Linda Ruschenberg

Label Matrix for local noticing
1087-5
Case 09-16659
Western District of Oklahoma
Oklahoma City
Wed Nov 25 08:20:53 CST 2009

Associates/citibank
Attn: Centralized Bankruptcy
PO Box 20507
Kansas City, MO 64195-0507

Bank Of America
Po Box 17054
Wilmington, DE 19850-7054

Chase
Po Box 15298
Wilmington, DE 19850-5298

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316

Encore Receivable Management Inc
PO Box 3330
Olathe, KS 66063-3330

Fifth Third Bank
C/O Bankruptcy Dept, MDROPS05
1850 East Paris
Grand Rapids, MI 49546-6210

Herbert M. Graves
United States Trustee
215 Dean A. McGee Ave., 4th Floor
Oklahoma City, OK 73102-3440

Hccredit/cit
203 E Emma Ave Ste A
Springdale, AR 72764-4625

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Monte J. White & Associates
1106 Brook Ave
Wichita Falls TX 76301-5009

Northland Group Inc.
P.O. Box 390905
Edina, MN 55439-0905

Oklahoma Tax Commission
Legal Division
120 N Robinson Suite 2000W
Oklahoma City, OK 73102-7801

Oklahoma Tax Commission
PO Box 53248
Oklahoma City, OK 73152-3248

Okmulgee County Treasurer
Vonna Lampkins
314 W. 7th St Ste 201
Okmulgee, OK 74447-5029

Sylvia Jean Pratt
3785 Cincinnati Ave
Beggs, OK 74421-2350

Sears/cbsd
8725 W. Sahara Ave
The Lakes, NV 89163-0001

Texoma Community Cr Un
Po Box 1320
Wichita Falls, TX 76307-1320

Joseph Fredrick Thompson
3785 Cincinnati Ave
Beggs, OK 74421-2350

Tulsa Federal Cr Un
Po Box 267
Tulsa, OK 74101-0267

Wfnnb/fina
Po Box 2961
Shawnee Mission, KS 66201-1361

Monte J. White
1106 Brook Ave
Wichita Falls, TX 76301-5009